UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEL WEBB CORPORATION, *et al.,*

    Plaintiffs,

v.

TRAVELERS CASUALTY & SURETY COMPANY, *et al*.,

    Defendants.

Case No. 2:10-cv-00285-LDG (LRL)

**ORDER**

    Del Webb Corporation, Del Webb Communities, Inc., Terravita Home Construction Co., and Del Webb's Coventry Homes of Nevada, Inc. (collectively "Del Webb") filed this action in state court, naming Travelers Casualty & Surety Company,[1] St. Paul Fire and Marine Insurance Company, The Travelers Companies, Inc.,[2] (collectively "Travelers"), Federal Insurance Company ("Federal"), and American Guarantee & Liability Insurance

---

[1]     Formerly known as Aetna Casualty & Surety Company.

[2]     Del Webb also named The St. Paul Travelers Companies, Inc. as a defendant. The Travelers Companies has represented to the Court that Del Webb erroneously sued it as The St. Paul Travelers Companies, Inc.

Company ("Zurich") as defendants. Travelers removed the matter to this Court, which removal both Zurich and Federal joined.

Del Webb now moves to remand this matter (#27) to state court, which motion both Travelers and Federal oppose (## 35, 37).[3]

Travelers moves to dismiss this action or, alternatively, to stay the action pursuant to the *Colorado River* abstention doctrine (#18). Federal joins in this motion (#19). Del Webb opposes the motion (#28).

Taken together, the motions of Del Webb and Travelers establish that both parties prefer that this Court not decide the merits of the underlying dispute, but only decide where the merits of the underlying dispute should be heard. Del Webb asserts that the merits of the dispute must be, or at least should be, remanded to the Nevada state court, where it filed this suit on January 21, 2010. Travelers, on the other hand, argues that this matter cannot be remanded to the Nevada state court, but that the Court should abstain so that the dispute can be decided by a California state court in the context of cross-claims that Travelers first raised on January 21, 2010, in a lawsuit that Del Webb filed in California in 2007. To be certain, Del Webb argues that, if the Court does not remand this matter to the Nevada state court, then this Court should deny Travelers' motion to dismiss or stay this action and decide the merits of its claims.

---

[3] Del Webb included, in its moving papers, a request for attorney's fees and Rule 11 sanctions. As Del Webb has neither shown that it complied with Rule 11(c)(1), and as Del Webb failed to bring its request for Rule 11 sanctions separately from any other motion as required by Rule 11(c)(2), the Court will deny the request for fees and sanctions.
Further, Del Webb's argument for attorney's fees is not well taken and itself borders upon the frivolous. Del Webb argues that Travelers removed this action knowing that its principal place of business is New York. Del Webb ignores, however, that none of the named plaintiffs is a citizen of New York. Rather, Del Webb seeks remand by destroying the diversity through the re-alignment of Zurich from defendant to plaintiff. Given that Del Webb alleged Zurich was a defendant, and given that a court had not re-aligned Zurich as a plaintiff when Travelers removed this action, Travelers' alleged knowledge that its principal place of business is in New York shows only that removal was appropriate.

2

Background

Del Webb developed the Anthem Country Club, Sun City Anthem, and Coventry residential developments in Nevada. Homeowners in these developments began making claims against Del Webb that their concrete slab foundations were cracking.[4] Del Webb began to incur costs to resolve the Anthem Slab-Crack Claims.

In 2007, Del Webb filed suit against Travelers and Zurich in California, asserting insurance coverage claims arising from construction projects in Arizona, California and Nevada. While the California lawsuit involved the Sun City Anthem development in Nevada, Del Webb's complaint did not concern the Anthem Slab-Crack claims.

In May 2009, Del Webb and Zurich reached an agreement in which Zurich would reimburse Del Webb for a portion of its costs incurred in resolving the Anthem Slab-Crack Claims, which payment would exhaust Zurich's remaining policy limits.

On January 21, 2010, Travelers moved for leave to file a Second Amended Cross-Complaint in the California lawsuit, which cross-complaint named both Zurich and Federal as cross-defendants. Among other issues, Travelers' Second Amended Cross-complaint (in the California lawsuit) seeks a declaration that it has no coverage for the Anthem Slab-Crack Claims and that the agreement between Del Webb and Zurich is invalid.

On the same day (though apparently later in the day), Del Webb filed the instant action in Nevada state court. In its first claim, which Del Webb asserted against all defendants, Del Webb seeks declaratory relief only as to Travelers and Federal. Del Webb also brings claims for breach of contract against Travelers and Federal, and a breach of the implied covenant of good faith and fair dealing and an additional claim for unfair claims settlement practices against Travelers only.

---

[4] Del Webb refers to these as the Slab-Crack Claims. Travelers refers to these as the Anthem Nevada Soils Claims. Solely for ease of reference, the Court will use the term Anthem Slab-Crack Claims throughout this decision.

Travelers' motion for leave to amend its cross-complaint in the California lawsuit was granted on March 1, 2010. On March 2, 2010, Travelers removed the instant action to this court, with the consent of both Federal *and Zurich*, asserting that this Court has jurisdiction pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000 and because the citizenship of each of the defendants is diverse from each of the plaintiffs.

<u>Analysis - Motion to Remand</u>

As originally pled by Del Webb in its complaint, the citizenship of each of the defendants is diverse from each of the plaintiffs. Nevertheless, Del Webb argues that this matter must be remanded for lack of diversity because Zurich must be re-aligned as a plaintiff, which realignment would destroy complete diversity between Zurich and The Travelers Companies. Travelers opposes on the basis that (a) Zurich is a nominal or sham defendant whose citizenship should not be considered, (b) the Travelers Companies is a nominal or sham defendant whose citizenship should not be considered, (c) Zurich should not be re-aligned as a plaintiff, and (d) the Travelers Companies is not a citizen of New York for the purpose of determining diversity jurisdiction.

As Del Webb repeatedly states in moving to remand, it lacks any dispute with Zurich. While this admission suggests that an actual controversy does not exist between Del Webb and Zurich, and thus Zurich is merely a nominal defendant, the admission does not establish that Zurich must be re-aligned as a plaintiff.

Del Webb asserts that, to obtain a declaration of coverage against Federal, the Court will be required to determine whether Zurich's anticipated payments will exhaust its policies. Del Webb ignores, however, that its burden is to establish <u>both</u> that Zurich's policies are exhausted <u>and</u> that the terms of Federal's policies impose an obligation on Federal to reimburse Del Webb. As such, this court would not be required to reach the exhaustion issue if Federal establishes that, regardless of exhaustion of the Zurich policies, Federal owes no obligation to Del Webb under the terms of its policies. Del Webb has

4

neither argued nor shown that Zurich's interest in the resolution of that issue coincides with its own.

In contrast, this matter was removed, and pursuant to the "unanimity rule" this matter could only be removed, with the consent of Zurich. Further, while Zurich has not filed an opposition to Del Webb's motion, neither has Zurich joined Del Webb's motion or offered any suggestion that it considers its interests to coincide with those of Del Webb. Thus, at present, Zurich's only participation in this litigation has not coincided with those of Del Webb, but has been contrary to the interests of Del Webb.

As Del Webb named Zurich as a defendant, and as Zurich's participation in this litigation has been contrary to the interests of Del Webb, and as the Court can only speculate whether Zurich's interests will coincide with those of Del Webb on the issue of Federal's obligations to Del Webb, the Court will not re-align Zurich as a plaintiff.

Del Webb further suggests, pursuant to the Declaratory Judgment Act, this court has "substantial discretion" to decline exercising jurisdiction over an action for declaratory relief. The argument fails, however, because Del Webb's complaint alleges claims and seeks relief that are independent of its claim for declaratory judgment. Even assuming that Del Webb's claim for breach of contract could be construed as dependent on and intertwined with the claim for declaratory relief, Del Webb also seeks to hold Travelers liable on independent claims for tortious breach of the implied covenant of good faith and fair dealing and for unfair claims settlement practices. Such claims will require evidence supporting elements independent of and in addition to that required for Del Webb to succeed on its claim for declaratory relief.

Accordingly, the Court will deny Del Webb's motion to remand.

Analysis - Motion to Dismiss or to Stay

Travelers argues that, pursuant to the *Colorado River* abstention doctrine, this Court should abstain from exercising its jurisdiction and either dismiss or stay this action pending

5

resolution of the California lawsuit.  Pursuant to the *Colorado River* abstention doctrine, a federal district court may abstain when there are concurrent state and federal lawsuits and when abstaining promotes "'[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"  *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. V. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952).  As stated by the Supreme Court, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required."  *Id.*, at 818-19.  This court must exercise its discretion within the "exceptional circumstances" limits of the Colorado River doctrine.  *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367 (9th Cir. 1990).

"[I]nherent in the concept of [*Colorado River*] abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain."  *Security Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997).  The pendent state action must be "substantially similar" to the federal action.  *See Nakash v. Marciano,* 882 f.2d 1411, 1416 (9th Cir. 1989).  The Ninth Circuit summarized the following non-exhaustive list of factors, previously identified by both the Supreme Court and the Ninth Circuit, that should be considered and balanced in determining whether abstention is appropriate: jurisdiction over property, the inconvenience of the federal forum, avoiding piecemeal litigation, the order in which the concurrent forums obtained jurisdiction, whether federal law provides the rule of decision on the merits, whether the state court proceedings are inadequate to protect the federal litigant's rights, and the prevention of forum shopping.  *Travelers*, 914 F.2d at 1367-68.  As emphasized by the Supreme Court, "[t]he decision whether to [abstain] because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor

6

of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

Travelers argues that its cross-claims in the California lawsuit and Del Webb's claims in the Nevada lawsuit are "substantially similar." Del Webb does not argue otherwise. The existence of concurrent, substantially similar actions in state and federal court does not weigh in favor of abstention. Rather, such substantial similarity is a necessary pre-requisite establishing only that the Court may appropriately consider whether to abstain under the *Colorado River* doctrine. Whether the Court should exercise its discretion to abstain requires the Court to determine whether *exceptional* circumstances exist warranting abstention.

Travelers asserts that abstention will avoid piecemeal litigation, which "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *American Intern. Underwriters (Phillippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). In its opposition, Del Webb asserted that both actions will not proceed concurrently if the California court grants its motion to dismiss for forum non conveniens. The argument has been rendered moot, and incorrect, as the California court denied Del Webb's motion. While this factor weighs in favor of abstention, it is inadequate, by itself, to constitute an exceptional circumstance justifying the Court's exercise of discretion. "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Colorado River*, 424 U.S. at 817, (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

Travelers notes, correctly, that Del Webb filed its California lawsuit several years before it filed its Nevada lawsuit. However, Travelers' cross-claims, which raised the substantially similar issues that are presented in Del Webb's Nevada action, were first asserted in the California litigation on the same date that Del Webb filed its Nevada action.

7

As suggested by Travelers, the circumstances of its amendment are not material.  Rather, proper consideration is directed at the progress made in each action.  As to the specific issues for which substantial similarity exists between the two actions, Travelers has not shown that the progress of its cross-claims in the California litigation was significantly greater than in this action when it moved this Court to abstain.  Travelers suggests that consideration should be given to the California court's familiarity with the parties and its ongoing involvement with "various aspects of the Del Webb construction defect litigation over the past several years."  Del Webb notes, however, that the California litigation was stayed from May 29, 2008, through November 16, 2009.  The lack of progress in the litigation of Travelers' cross-claims in the California litigation does not favor abstention.

Travelers notes that both its California cross-claims and Del Webb's claims in the Nevada action will be governed by state law.  Travelers omits, however, that the governing state law is that of Nevada.  Neither does Travelers offer any support for its suggestion that the California state court is in a superior position, as compared to this Court, to resolve questions of Nevada state law.

Travelers notes that, as there are no federal rights at issue, the California court is adequately situated to resolve all claims.  Travelers' reliance on the absence of federal rights being at issue, however, does not lend any weight to a finding that exceptional circumstances exist that warrant abstention.  That federal law will not provide the rule of decision is not a factor weighing against the exercise of federal jurisdiction, particularly when, as in this matter, the concurrent jurisdictions are California and the United States but the applicable rule of law is that of Nevada.  As indicated by the Ninth Circuit in *Travelers*, "this factor is of little weight or no weight here; 'unhelpful' is an apt characterization."  914 F.2d at 1370.

Finally, Travelers suggests that Del Webb has engaged in improper forum shopping.  Travelers suggests that Del Webb has "perceive[d] an advantage in carving out a specific

8

claim for litigation in Nevada." Travelers' argument is misplaced as this factor weighs heavily *against* abstention. Pursuant to the *Colorado River* abstention doctrine, this Court balances whether to abstain from exercising federal jurisdiction in favor of a pending state court proceeding. Del Webb, however, did not select this federal forum; Travelers did. Having elected to remove this matter to federal court, Travelers cannot complain that Del Webb somehow improperly shopped its Nevada state court lawsuit to federal court. As suggested by Travelers, its cross-claims and Del Webb's complaint are substantially similar. As conceded by Travelers, those claims arise under Nevada state law. Del Webb filed its complaint in Nevada state court and has argued that its claims should remain in Nevada's state court. By contrast, Travelers filed its cross-claims in a California court and removed Del Webb's Nevada state action to federal court. In light of this record, the stronger argument is that Travelers has engaged in forum-shopping in an effort to avoid having Nevada courts apply Nevada law to the present dispute, which concerns the Anthem Slab-Crack Claims that occurred in Nevada.

Having considered the entire record, and having balanced all of the factors, the Court finds that this matter does not present an exceptional circumstance warranting abstention. Rather, the present record weighs against this Court exercising its discretion to abstain. Accordingly,

THE COURT **ORDERS** that Del Webb's Motion to Remand (#27) is DENIED;

THE COURT FURTHER **ORDERS** that Travelers' Motion to Dismiss or, alternatively, to Stay (#18) is DENIED.

DATED this ___ day of December, 2010.

_____
Lloyd D. George
United States District Judge

9